UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMEER PRATT,<br><br>Petitioner,<br><br>v.<br><br>JONATHAN HEMINGWAY,<br><br>Respondent. | Case No. 22-12311<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Federal prisoner Jameer Pratt (Petitioner), confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the Bureau of Prisons (BOP) is not giving him proper jail credit toward his federal sentences.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (applying Rule 4, Rules Governing § 2254 cases, to summarily dismiss § 2241 petition); *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be denied and dismissed with prejudice.

**II. Facts and Procedural History**

On April 5, 2021, Petitioner pleaded guilty to conspiracy to possess with intent to distribute and distribution of heroin, cocaine, cocaine base,

2

and fentanyl in violation of 21 U.S.C. § 846 and to distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) in the United States District Court for the Northern District of Ohio. *United States v. Pratt*, No. 3:19-cr-00294-28 (N.D. Ohio), ECF No. 665, PageID 4464-4474. On July 12, 2021, he was sentenced to concurrent terms of 70 months imprisonment with three years of supervised release and a special assessment of $200. *Id.*, ECF No. 770, PageID 5798-5803.

Petitioner's federal presentence report ("PSR"), as updated, states that he was convicted of aggravating trafficking fentanyl in an Ohio state court and was sentenced to 24 months imprisonment on October 9, 2018; and his Ohio sentence expired on September 21, 2020. *Id.*, ECF No. 969, PageID.8239-8240 (citing ECF No. 746, PageID 5602 (sealed)).

At the federal sentencing hearing on July 12, 2021, the federal court referenced Petitioner's Ohio conviction. The parties agreed that the Ohio conviction was not relevant conduct to the federal charges because it did not involve drugs obtained from the federal co-defendants. *Id.*, ECF No. 948, PageID 7673. The court then asked Petitioner how many months he had served in state prison and he replied "13." *Id.* at PageID 7677-7678. The court indicated that Petitioner had served about 20 months on the

3

federal detainer, and stated, "So in effect you've already served 33 months. So only the 20 will be formally credited to the sentence I'm about to impose which will leave you with about 50 months to go." *Id*. at PageID.7678. The court imposed concurrent terms of 70 months imprisonment with credit for time served awaiting resolution of the federal case. *Id.* at PageID 7679.

BOP records attached to the instant petition state that Petitioner began serving his federal sentences on July 12, 2021 and that he is receiving jail credit toward those sentences from September 22, 2020 through July 11, 2021. ECF No. 1, PageID.15.

Petitioner did not appeal his convictions or sentences, but he did file motions with the federal sentencing court seeking clarification of his sentence, essentially claiming that he should receive jail credit from November 20, 2019 (the date of his federal indictment) to July 12, 2021 (the date of sentencing). *United States v. Pratt*, No. 3:19-cr-00294-28 (N.D. Ohio), ECF Nos. 900, 953, 959, 969. The federal court denied relief finding that the BOP has the authority to determine credit for time served against a federal sentence and, alternatively, concluding that the BOP correctly calculated his sentencing credit because the time he spent in custody before September 22, 2020 was credited toward his state sentence and

4

could not also be credited toward his federal sentences. *Id*. at 980; *United States v. Pratt*, No. 3:19-CR-00294-28, 2022 WL 2231889, at *1 (N.D. Ohio June 17, 2022).¹

Petitioner filed this federal habeas petition on September 21, 2022. He seeks jail credit toward his federal sentences for the time he spent in custody from November 22, 2019 to July 12, 2021. ECF No. 1, PageID.2-3, 6. Petitioner attempted to exhaust and/or exhausted his administrative remedies before instituting this action. *Id*. at PageID.2-3, 10, 16-21.

## III. Discussion

A writ of habeas corpus may be granted to a federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(b)(3). The United States Attorney General, through the Bureau of Prisons, is responsible for administering the sentences of federal prisoners. *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal court may consider the propriety of the BOP's sentencing computation once a prisoner has exhausted administrative remedies. *Id*. at

---

¹The court cites October 20, 2019 (the date of the warrant) in its opinion, but the variation of dates is not germane. The essence of Petitioner's claim was (and is) that he should receive jail credit toward his federal sentences for the time he was in federal custody prior to September 22, 2020.

5

335-36; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Thus, a federal prisoner may obtain habeas relief under 28 U.S.C. § 2241 if a federal court determines that the BOP miscalculated his or her sentence. Petitioner's habeas petition concerns the execution of his sentences and is properly brought under 28 U.S.C. § 2241.

Petitioner asserts that he is not being given proper jail credit on his federal sentences for the time he spent in custody from November 22, 2019 to July 12, 2021.[2] Petitioner believes that he is entitled to credit for that time because the federal sentencing court indicated that he would receive such credit. Petitioner's claim, however, is subject to dismissal because, as noted above, the BOP is responsible for administering the sentences of federal prisoners, and the documents attached to his petition demonstrate that the BOP has properly credited and calculated his federal sentences. See *Wilson*, 503 U.S. at 335.

---

[2] The BOP records state that Petitioner is receiving jail credit for September 22, 2020 through July 11, 2021. Accordingly, the time in dispute is from November 22, 2019 through September 21, 2020.

Federal law provides that a federal sentence commences when a defendant is received into federal custody to serve a sentence. *See* 18 U.S.C. § 3585(a) (providing that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served"). When a federal defendant is in state custody, the federal sentence ordinarily does not begin until the state authorities relinquish the defendant to federal authorities upon satisfaction of the state sentence. *See Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922) (sovereign that first acquires custody of defendant is entitled to custody until sentence is served); *United States v. Avery*, 911 F.2d 734, 1990 WL 118695, *5 (6th Cir. Aug. 15, 1990). Time spent in the custody of the United States Marshals pursuant to a federal writ of habeas corpus ad prosequendum from state custody does not qualify as federal custody in connection with a federal offense. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000). "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908,

12 (4th Cir. 1998); see also *Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999).

Petitioner is not entitled to credit on his federal sentences for the time he spent serving his state sentence prior to the imposition of his federal sentences. A federal sentence cannot commence before the date upon which it is imposed. *See United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *accord United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2014); *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006). Under certain circumstances, a federal prisoner must be given sentencing credit for time spent in official detention before his or her federal sentence commences. The applicable statute provides that a federal prisoner shall be given credit for any time spent in official detention prior to the date the sentence commences "(1) as a result of the offense for which the sentence was imposed, or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). The statute makes clear that a prisoner is not entitled to credit on a federal sentence for time spent in custody if that time is credited toward a state sentence. *See Wilson*, 503 U.S. at 337 (noting that

Page **8** of **10**

"Congress altered § 3568 in at least three ways when it enacted § 3585(b)" including clarifying that a defendant cannot receive double credit for detention time).

In this case, Petitioner received credit on his state sentence for the time he spent in official detention prior to September 21, 2020 when his state sentence ended. Consequently, he is not entitled to credit on his federal sentences for that same period of time, i.e., from November 22, 2019 (or any earlier date) to September 21, 2020. *See, e.g., Bridgeman v. Bureau of Prisons*, 112 F. App'x 411, 413 (6th Cir. 2004) (citing *McClain, supra*, and denying relief on similar claim); *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (stating that because the petitioner "received credit toward his state sentence for the time period in question, he may not receive credit for his time toward his current federal sentence"). And, as noted, the BOP is giving Petitioner jail credit toward his federal sentences for the time that he spent in custody from September 22, 2020 to July 12, 2021 that was not credited toward another sentence. Petitioner thus fails to show that the BOP is improperly crediting or calculating his federal sentences. Habeas relief is not warranted.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief under 28 U.S.C. § 2241. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

The Court notes that a certificate of appealability is not needed to appeal the denial of a § 2241 habeas petition. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

Dated: August 23, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge